UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COURTNEY ROCK AND BRIAN VAN EYCKE | CIVIL ACTION NO.: 2:20-cv-00940 |
| VERSUS | SECTION: JUDGE GREG GERARD GUIDRY (T) |
| TRACI BROWN, ELAINE DUSKIN, GEICO CASUALTY COMPANY, ABC INSURANCE COMPANY, ARTHUR CLAYTON, PROGRESSIVE CASUALTY INSURANCE COMPANY, LYFT, INC., AND INDIAN HARBOR INSURANCE COMPANY | MAGISTRATE JOSEPH C. WILKINSON, JR. |

**INDIAN HARBOR INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Indian Harbor Insurance Company ("Indian Harbor") opposes and responds to the Motion for Remand filed by Plaintiffs, Courtney Rock and Brian Van Eycke ("Plaintiffs"), as follows in this opposition. It is noted that Lyft, Inc. and Traci Brown have consented to Indian Harbor's removal and that the other defendants named in this matter, Elaine Duskin, GEICO Casualty Company, ABC Insurance Company, Arthur Clayton, and Progressive Casualty Insurance Company, have not requested remand of Indian Harbor's removal.

## I. FACTUAL BACKGROUND

Plaintiffs filed a Petition for Damages in Orleans Parish Civil District Court on January 6, 2020, seeking damages arising out of an automobile accident. *See* Rec. Doc. 1-1. On March 18, 2020, Indian Harbor filed a Notice of Removal in this Honorable Court (the "Removal") and a separate Notice of Removal in state court. *See* Rec. Doc. 1. Plaintiffs oppose Indian Harbor's removal on two grounds: (1) that two properly joined and served defendants have not consented

1

to removal; and (2) that Indian Harbor failed to affirmatively allege citizenship of two defendants. Plaintiffs do not contest that the amount in controversy meets the jurisdictional threshold of $75,000.00.

## II. LAW AND ARGUMENT

### A. No Record of Service Upon Any Defendant on the Date of Removal

Plaintiffs' Motion to Remand alleges that Lyft, Inc. ("Lyft") and Traci Brown ("Ms. Brown") were "properly joined and served defendants," as the term is used in 28 U.S.C. § 1446(B)(2)(b), prior to the filing of the Removal. Thus, Plaintiffs argue that Lyft and Ms. Brown must have consented to the Removal within thirty days of having been served with the state court petition. Indian Harbor contends that application of the jurisprudentially-established time delay leads to absurd results under these circumstances.

Indian Harbor does not dispute that the forum defendant rule requires consent to remove from all defendants properly joined and served at the time of removal. Pursuant to 28 U.S.C. § 1446(b)(2):

> (A) When a civil action is removed solely under section 1441(a) [28 USCS § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

However, certainly, exigent circumstances arise in which the removing defendant is unable, despite good faith effort, to learn of service of a co-defendant. Under these circumstances, "[s]ome courts have also refused to remand actions where the removing defendant did not know

and should not have known that the codefendant was served at the time of removal." *Skyglass, Inc. v. P'ship, LLC*, 2019 U.S. Dist. LEXIS 137111, at *6-7 (N.D. Tex. Aug. 14, 2019); See, e.g., *LinkEx, Inc. v. CH Robinson Co.*, Civ. A. No. 3:10-CV-2372-M, 2011 U.S. Dist. LEXIS 40039, 2011 WL 1447570, at *1-2 (N.D. Tex. Apr. 12, 2011) (citations omitted). "This exception to the unanimous consent requirement does not, however, encourage willful ignorance." *Id*. Recognizing that courts are split on the effort that should be shown by the removing party, some courts have indeed made an exception in cases where the removing defendant could not have known of the service on other defendants. See *Waffer v. Garland*, 2001 U.S. Dist. LEXIS 15035, at *4 (N.D. Tex. Sep. 19, 2001) (Fish, J.) (holding consent to removal was unnecessary if official case file gave no indication that non-removing defendant had been served). As explained more fully below, willful ignorance cannot be imputed by Indian Harbor under the circumstances.

Plaintiffs attempt to show proper joining and service of Lyft and Ms. Brown as of the date of removal, March 18, 2020, by attaching an unauthenticated document purporting to have been printed on April 14, 2020. See Rec. Doc. 3-3. There is no showing in the record that this information was available to Indian Harbor when it filed its removal because, simply, it was not. Specifically as to Ms. Brown, assuming that service was indeed properly made upon Ms. Brown, as Plaintiffs' have alleged, on March 12, 2020, there is no evidence that service records were available Indian Harbor in the record of this matter during the thirty day period that followed. Indeed, Plaintiff's do allege that any such record was publicly available prior to March 14, 2020 – two days after the thirty day delay had expired.

Further, Indian Harbor affirms the allegations in its Removal and avers that, at the time of filing its Removal, there was no record of service in the state court docket upon Ms. Brown and Lyft. Indian Harbor went beyond the suit record, which contained no proof of service, to

confirm with the very source Plaintiffs cite to – the Orleans Parish Sheriff's Office's service records – and, additionally, to the records of the East Baton Rouge Sheriff's Office and the Louisiana Secretary of State.  None of these sources showed service upon Ms. Brown or Lyft at the time of filing, so Indian Harbor had no reason to believe that Lyft or Ms. Brown had been served.  Indian Harbor's due diligence demonstrates that it was not willfully ignorant of service upon these defendants and, in fact, there's no record of service having been made on Ms. Brown within the thirty days following March 12, 2020.  Considering its thorough investigation, it had no reason to seek consent from any defendant because it was unaware, after a good faith search of the suit record, of service upon either Lyft or Ms. Brown.

Despite this, Indian Harbor affirms that, since the filing of Plaintiffs' Motion to Remand, Lyft, Inc. and Ms. Brown have consented to removal. *See* Rec. Doc. 12, Rec. Doc. 13.  The reason for the delay in updating Orleans Parish Sheriff's Office's service records is not known, but could be attributable to the extenuating circumstances triggered by COVID-19.  Nonetheless, pursuant to *Skyglass*, Indian Harbor prays that the Court equitably find that Indian Harbor did not and could not have known of service upon these defendants when it filed its Removal and, as such, the delay for filing consent should not be imposed.

      B.       **Indian Harbor's Allegations of Citizenship**

Moreover, Plaintiffs lodge an argument that Indian Harbor's Notice of Removal failed to adequately plead the citizenship of GEICO Casualty Company ("GEICO") and Progressive Casualty Insurance Company ("Progressive").  In its removal, Indian Harbor alleged that GEICO is "a foreign insurance company with its principal place of business in the State of Maryland" and that Progressive is "a foreign insurance company with its principal place of business in the State of Ohio." *See* Doc. 1. The state of incorporation of each of these defendants, Maryland and

Ohio, respectively, is established by the record. *See* Doc. 1-1. Should the Court determine that additional specificity is warranted, Indian Harbor requests and respectfully avers that it is entitled to leave to amend its Notice of Removal to address only these jurisdictional issues noting that there is no argument in the record that diversity does not exist as to GEICO and Progressive.

Plaintiffs rely heavily upon *Howery v. Allstate Ins. Co.* to support the notion that the alleged deficiency alone is grounds for remand. Yet, in *Howery*, the United States Fifth Circuit Court of Appeal actually held, "When the record establishes the diversity of the parties, but the party asserting federal jurisdiction has failed to specifically plead that the parties are diverse, the appellate court will allow that party to amend its pleadings to correct for their technical deficiency." 243 F.3d 912, 914 (5th Cir. 2001). Distinguishably, in that case, the removing party, Allstate, had *never* plead the diversity of the parties until oral argument before the Fifth Circuit. The Fifth Circuit explained:

> In other words, when the record establishes the diversity of the parties, but the party asserting federal jurisdiction has failed to specifically plead that the parties are diverse, **we allow that party to amend its pleadings to correct for their technical deficiency**. Yet, if there is no evidence of diversity on the record, we cannot find diversity jurisdiction, and we must dismiss the action for lack of jurisdiction.

*Howery* at 919-20.

Because the record of this matter establishes the diversity of the parties, this Court should allow Indian Harbor the opportunity to amend its Notice of Removal to address the allegations of jurisdiction in regards to GEICO and Progressive in the event the Court finds that amendment is necessary. Indian Harbor acknowledges that, after the expiration of the thirty day period within which a defendant can file a removal, "a defendant may only amend a notice of removal to fix defective allegations of jurisdiction." *Richard v. Usaa Cas. Ins. Co.*, 2017 U.S. Dist. LEXIS 221130, at *5-6 (M.D. La. Nov. 30, 2017); See 28 U.S.C. § 1653. This Court is vested with

"wide discretion to allow a party to cure technical defects [in a notice of removal], including the failure to specifically allege the citizenship of the parties." *Id.*; See *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (unpublished) (per curiam). Courts in this jurisdiction have repeatedly allowed amendment under these circumstances. See *Stutsman v. Great W. Cas. Co.*, 2015 U.S. Dist. LEXIS 123535, at *7 (W.D. La. Aug. 16, 2015)

As such, Indian Harbor respectfully requests that, if the Court determines that diversity jurisdiction has not been sufficiently shown in its removal, it be granted leave to amend its Notice of Removal.

### IIII.  CONCLUSION

Counsel for Indian Harbor undertook good faith efforts to search for service records and confirm the absence of the same prior to filing its Notice of Removal. It did not and could not have known of service upon Traci Brown or Lyft, Inc. when service records from multiple sources did not reflect that service had been made on these defendants. For this reason, Indian Harbor respectfully prays that the Court find removal proper due to the delay in processing or posting of service updates and the subsequent consents to removal filed by Traci Brown and Lyft, Inc. Further, in the event the Court finds that additional detail is required as it relates to pleading the citizenship of GEICO Casualty Company and Progressive Casualty Insurance Company, Indian Harbor respectfully requests the opportunity to amend its Notice of Removal to address the citizenship of these defendants. Considering the foregoing, Indian Harbor respectfully prays that Plaintiffs' Motion for Remand be denied.

Respectfully submitted,

 /s/ Andrea L. Albert
**ANDREA L. ALBERT (#27353)**
**KATHERINE E. CURRIE (#36427)**
**GALLOWAY, JOHNSON, TOMPKINS,**
   **BURR & SMITH**
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana  70448
Telephone: (985) 674-6680
Facsimile:  (985) 674-6681
*Attorneys for Indian Harbor Insurance Company*