# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COURTNEY ROCK AND BRIAN VAN EYCKE** | **CIVIL ACTION** |
| | **NO: 20-940** |
| **VERSUS** | |
| | **SECTION: T(2)** |
| **TRACI BROWN, ELAINE DUSKIN, GEICO CASUALTY COMPANY, ABC INSURANCE COMPANY, ARTHUR CLAYTON, PROGRESSIVE CASUALTY INSURANCE COMPANY, LYFT, INC., AND INDIAN HARBOR INSURANCE COMPANY** | |

## ORDER

Before the Court is a Motion to Remand[1] filed by Courtney Rock and Brian Van Eycke ("Plaintiffs"). Indian Harbor Insurance Company ("Indian Harbor") has filed an opposition.[2] For the following reasons, the Motion to Remand[3] is **GRANTED**.

## BACKGROUND

On January 6, 2020, Plaintiffs initiated this action in Orleans Parish Civil District Court seeking damages arising out of an automobile accident.[4] Plaintiffs named several defendants, including Indian Harbor, Traci Brown, and Lyft, Inc. Traci Brown was served by the sheriff on March 12, 2020. Lyft, Inc. was served on March 18, 2020. On March 18, 2020, Indian Harbor filed a Notice of Removal removing the case to this Court.[5] Plaintiffs oppose Indian Harbor's removal on two grounds: (1) that two properly joined and served defendants have not consented to removal; and (2) that Indian Harbor failed to affirmatively allege citizenship of two defendants.

---

[1] R. Doc. 3.
[2] R. Doc. 14.
[3] R. Doc. 3.
[4] R. Doc. 1-1.
[5] R. Doc. 1.

Courts should determine whether subject-matter jurisdiction is present before addressing other issues.[6] Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress.[7] A defendant may remove a civil action filed in state court if the plaintiff could have brought the action in federal court from the outset.[8] Given the significant federalism concerns implicated by removal, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand."[9] 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different States." Remand is proper if at any time the Court lacks subject-matter jurisdiction.[10]

28 U.S.C. § 1446(b) creates a 30–day time limit for removal; the 30–day period is mandatory and must be strictly construed.[11] The "rule of unanimity" applies to removed cases with multiple defendants: Absent exceptional circumstances, all served defendants must join or otherwise file a written notice of consent to removal before the expiration of the 30–day removal period in 28 U.S.C. § 1446.[12] Applying the "first-served defendant" rule, the Fifth Circuit requires that all defendants that have been served before removal must consent to removal within 30–days after service of the first-served defendant.[13] In order for all the defendants to "consent" to the removal, it is not necessary for each of them to sign the original notice of removal, but "there must

---

[6] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[7] *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001).
[8] See 28 U.S.C. § 1441(a).
[9] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); *Gasch v. Hartford Accident & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).
[10] 28 U.S.C. § 1447(c).
[11] *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir.1988).
[12] *Id*. at 1261–62.
[13] *Getty Oil,* 841 F.2d at 1263 (holding that all served defendants are required to join in petition for removal no later than 30 days from the date on which the first defendant was served).

be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."[14]

In this case, Indian Harbor's notice of removal concluded that all "Defendants who have been properly joined and served with Plaintiff's petitions consent to this removal."[15] Indian Harbor's notice of removal further represented that Lyft, Inc. and Traci Brown "have not been properly joined and served."[16] However, Traci Brown was served by the sheriff several days before Indian Harbor filed the notice of removal, and Lyft, Inc. was served on the same day Indian Harbor filed the notice of removal. Indian Harbor's notice of removal, therefore, fails to meet the "rule of unanimity" because all served defendants did not consent to the removal, and the notice of removal is procedurally defective.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Remand[17] is **GRANTED.**

**New Orleans, Louisiana**, on this 17th day of September, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[14] *Id.* at 1262 n. 11.
[15] R. Doc. 1, p.6.
[16] R. Doc. 1, p.4.
[17] R. Doc. 3.

3